**LAKE AIR DEVELOPMENT COMPANY,**
a Texas Corporation, Appellant,

v.

**KWTX BROADCASTING COMPANY,**
a Texas Corporation, Appellee.

No. 3961.

Court of Civil Appeals of Texas.

Waco.

Dec. 7, 1961.

Rehearing Denied Jan. 4, 1962.

Beard, Kultgen & Beard, Waco, for appellant.

Naman, Howell, Smith & Chase, Hilton E. Howell and Louis S. Muldrow, Waco, for appellee.

WILSON, Justice.

Summary judgment was rendered for defendant-lessee on the pleadings in plaintiff-lessor's action to declare forfeiture of a lease for breach of its provisions.

The lease recited its primary purpose was for installation by defendant of an ultra high frequency television broadcasting station, and it authorized lessee "to sublet and sublease any part of the premises" not being used for such broadcasting station. Plaintiff says the lease means that some portion of the premises must be used as a television station; that

898

only the portion so used may be subleased, and then only for use as a television station. One separate section of the lease did expressly permit the subleasing of such a station; but the quoted section authorized subleasing of any part not being so used. We agree with the trial court and appellee that the lease is not subject to the pleaded construction. Right to sublease was not limited to the portion of the premises being used as a television station.

 Plaintiff further pleaded, however, that lessee had breached an express agreement to keep the leased premises neat and attractive. Defendant insists that no forfeiture could result therefrom. Clause 5 of the lease provided, "Lessee shall keep the leased premises neat and attractive, the lessee shall engage in none but lawful business on said premises and shall not barter or sell intoxicating liquor thereon, and breach of this covenant or condition will render the entire lease subject to forfeiture at election of lessor." Another clause, 11, provided lessee should engage only in lawful business and should not sell intoxicating liquors on the premises, "and breach of this covenant or condition will render the entire lease subject to forfeiture."

Appellee says the forfeiture provision relates only to the last restriction against intoxicating liquor, and not to the requirement in clause 5 that the premises be kept neat and attractive; or that the clause is so ambiguous as to preclude forfeiture. It is not necessary to determine whether these provisions for forfeiture should be so construed, because another separately numbered section, 4(b), of the lease provided that failure of lessee to pay rents as agreed or "failure to comply with the other terms of this lease agreement shall terminate this lease at the option of the lessor."

Appellee says the power of forfeiture reserved for breach of the specific restrictions as to lawful business and sale of intoxicants first quoted above should control the more general power last quoted, since forfeitures are not favored; and con-

sequently no material issue of fact exists. This rule of construction is not invoked unless intention is not otherwise ascertainable. It is not applied in order to create ambiguity or conflict. Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W. 2d 154, 157. There is no inconsistency between the more general, and the more specific clauses, and we think the expressed intention authorizing termination for failure to comply with provisions other than those concerning lawful business and sale of intoxicants is clear.

The allegations of the petition were sufficient, in our opinion, to present a fact issue to be tried concerning the alleged breach of the agreement to keep the premises neat and attractive. Reversed and remanded.